IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric M. Johnson, | Case No. 3:14 CV 481 |
|     Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| James D. Bates, et al., | |
|     Defendants. | |

*Pro se* Plaintiff Eric Johnson filed this *in forma pauperis* action against certain state judicial and law enforcement officials, alleging Defendants deprived him of his federal constitutional rights while acting under color of state law.

In March 2013, Plaintiff was indicted in the Lucas County Court of Common Pleas. *See State v. Johnson*, No. G-4801cr201301449. Plaintiff subsequently pled no contest to charges that he trafficked in cocaine and possessed a weapon while under disability. In August 2013, Plaintiff was sentenced to 14 months of imprisonment on the drug trafficking count, and 24 months of imprisonment on the weapons count. In October 2013, Plaintiff filed a notice of appeal in state court. Arguing he was imprisoned "via Fraud, via Malice & Willful, violations of the [his] U.S. Republic Constitutional rights" (Doc. 1 at 1), Plaintiff seeks $30 million in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this Court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or

fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.* A cause of action fails to state a claim upon which relief may be granted if it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). This Court construes the Complaint in the light most favorable to Plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff cannot challenge his conviction or sentence in a Section 1983 action; habeas corpus is his sole remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff may only bring a civil rights action that questions the validity of his conviction or sentence if his conviction or sentence has been set aside by a federal or state court. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Moreover, the Complaint's allegations, which claim that British citizens "own" all federal and state laws, are clearly baseless. *Neitzke*, 490 U.S. at 327.

The Complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 27, 2014